# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BEVERLY E. MURPHEY,

        Plaintiff,

        v.                                     Case No. 13-2598-JAR-JPO

MID-CENTURY INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM AND ORDER

The Court now considers Defendant Mid-Century Insurance Company's ("Mid-Century") Request for Oral Argument or Permission to File Surreplies on Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for Judgment on the Pleadings (Doc. 27). Plaintiff opposes the motion, but seeks leave to file a surresponse in the event the Court grants Mid-Century leave to file a surreply. The Court denies Mid-Century's request for oral argument because it would not materially assist the Court in resolving these pending motions. The Court will view the facts in the light most favorable to Mid-Century on summary judgment, and the factual and legal issues involved in this case are not complicated.

Mid-Century's alternative motion for leave to file a surreply is governed by D. Kan. Rule 15.1. Under that rule, a party seeking leave to file is to attach its proposed filing to the motion for the Court's review. Mid-Century has not complied with this rule and the motion could be denied on this basis alone. Yet, the Court is mindful that "if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new

materials."[1] In its motion, Mid-Century refers to "new arguments, . . . unsupported facts and . . . [a] reference to a recent (January, 2014) case which is remarkably distinguishable from the case at bar." The Court does not find new factual materials or arguments in the reply brief sufficient to necessitate a surreply. With respect to factual matter, Plaintiff's reply brief acknowledges that the facts should be viewed in the light most favorable to Defendant as the nonmoving party. The Court of course follows this summary judgment standard. The Court also finds that the replies properly respond only to matters raised in the opposition briefs.

However, there is a case that Plaintiff relies on in the summary judgment reply brief that Mid-Century has not had a fair opportunity to address because, as Plaintiff acknowledges, it was issued by the Kansas Court of Appeals after the summary judgment brief was filed: *O'Neill v. Herrington*, Case No. 109,122, 2014 WL 265493 (Kan. Ct. App. Jan. 24, 2014). The Court finds that a brief surreply addressing this case is warranted. Mid-Century may file a surreply that addresses this case only. This brief shall not exceed three (3) pages in length. Because Plaintiff adequately addressed this case in the reply brief, there is no need for a surresponse and therefore that request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Mid-Century Insurance Company's ("Mid-Century") Request for Oral Argument or Permission to File Surreplies on Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for Judgment on the Pleadings (Doc. 27) is granted. Mid-Century may file a surreply addressing the *O'Neill* case on or before June 6, 2014. The surreply shall not exceed three (3) pages in length.

Dated: May 30, 2014

---

[1] *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE